IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02547

Goldgroup Resources, Inc.,

      Applicant,

v.

DynaResource de Mexico, S.A. de C.V., and
DynaResource, Inc.,

      Respondent.

---

**APPLICATION TO CONFIRM ARBITRATION AWARD**

---

Applicant Goldgroup Resources, Inc. ("Goldgroup") files this application to confirm the award entered by Arbitrator David B. Wilson on August 24, 2016 (the "Award") and to enter judgment on the Award. In support of its application, Goldgroup states:

**PARTIES**

1. Applicant Goldgroup is a British Columbia corporation with its principal place of business in Vancouver, British Columbia, Canada.

2. Respondent DynaResource de Mexico, S.A. de C.V. ("DynaMexico") is a duly incorporated *Sociedad Anónima de Capital Variable*, a Mexican corporation with its registered office in the City of Mazatlan, State of Sinaloa, United Mexican States.

3. Respondent DynaResource, Inc. ("DynaUSA") is a Delaware corporation with its principal place of business in Irving, Texas, United States of America.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 9 U.S.C. §§ 203, 207, and 302.

5. Venue is proper in this Court pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9, 204, 207 and 302, and Article 8.16 of the Option Agreement executed by the parties. A copy of the Option Agreement is attached as Exhibit 1. In the Option Agreement, the parties agreed that "the arbitrator's decision shall be final, binding, and non-appealable and may be enforced in any court." The Option Agreement does not specify the court within which the award can be enforced. Pursuant to 9 U.S.C. § 9, "if no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." *See also* 9 U.S.C. § 207. The parties agreed to arbitrate in Denver, Colorado, the arbitration was in fact held in Denver, Colorado, and the Arbitrator entered his award in Denver, Colorado. As such, venue is proper in this Court.

## GROUNDS FOR APPLICATION

6. Goldgroup commenced an arbitration in Denver against DynaUSA and DynaMexico on March 10, 2014, by filing a Verified Demand for Arbitration.

7. On May 30, 2014, DynaUSA and DynaMexico initiated an action against Goldgroup in this Court, case number 1:14-cv-01527-MSK-KMT, requesting that the Court: (1) declare that the court in Goldgroup's action in Mexico had exclusive jurisdiction, (2) stay or enjoin Goldgroup from maintaining a Denver arbitration, (3) declare Goldgroup's claims inarbitrable, and (4) declare that Goldgroup waived, forfeited, and was estopped from compelling arbitration. Case No. 1:14-cv-01527-MSK-KMT, Dkt. No. 19.

8. Goldgroup moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Case No. 1:14-cv-01527-MSK-KMT, Dkt. No. 23. On October 22, 2014,

DynaUSA and DynaMexico moved for summary judgment on all of their claims. Case No. 1:14-cv-01527-MSK-KMT, Dkt. No. 29. The Honorable Chief Judge Marcia S. Krieger denied Goldgroup's motion to dismiss and held that this Court had subject matter jurisdiction to determine the claims under the New York Convention. Case No. 1:14-cv-01527-MSK-KMT, Dkt. No. 39 at 4-10. In the same order, the Court denied the motion for summary judgment in its entirety, held that the matter was arbitrable, and ordered DynaUSA and DynaMexico to show cause why "the Court should not grant judgment in favor of Goldgroup on all claims." *Id.* at 10-15. DynaUSA and DynaMexico responded to the show cause order but then voluntarily dismissed the case, and the case was therefore terminated. Case No. 1:14-cv-01527-MSK-KMT, Dkt. Nos. 40, 44, and 45.

9. An arbitration was conducted pursuant to the Option Agreement.

10. In the arbitration, DynaUSA and DynaMexico argued that the arbitrator did not have jurisdiction to decide the arbitrability issue and that the claims were not arbitrable. The arbitrator disagreed, decided that he had jurisdiction to determine the arbitrability question, and declared certain claims arbitrable.

11. On August 24, 2016, Arbitrator Wilson entered the Award. A copy of the Award is attached as Exhibit 2.

12. Arbitrator Wilson awarded a variety of monetary and declaratory relief, including ordering: (1) DynaUSA to pay Goldgroup a total of USD$403,913.92, including (i) USD$325,000.00 for attorneys' fees and costs attributable to Holland & Hart, (ii) USD$2,795.00 for the cost of the hearing transcript, and (iii) USD$76,118.92 for attorneys' fees and costs attributable to Loperena, Lerch y Martin Del Campo; and (2) that the parties conduct certain activities relating to the Option Agreement, DynaMexico's Board of Directors,

and DynaMexico's Management Committee.  Ex. 2 at 55-59 (setting forth in detail the scope of the Award).

13. The Arbitrator also awarded fees and expenses to Goldgroup stating "the administrative fees and expenses of the ICDR, totaling USD$20,800.00, and the compensation and expenses of the arbitrator, totaling USD$64,813.00, shall be borne entirely by Respondents DynaUSA and DynaMexico, jointly and severally.  Therefore, Respondent DynaUSA and DynaMexico, shall reimburse Goldgroup the sum of USD$85,613.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Goldgroup, upon demonstration by Goldgroup that these incurred costs have been paid."  *Id.* at 58.

14. Goldgroup seeks confirmation of the Award pursuant to 9 U.S.C. §§ 9, 207, and 302, and entry of judgment or decree against DynaUSA and DynaMexico so that it may enforce the Award as a judgment or decree of this Court.

15. Goldgroup also seeks its attorneys' fees and costs incurred in filing this Application, as DynaUSA and DynaMexico have indicated they will not voluntarily pay the award to Goldgroup and will oppose this application.

WHEREFORE, Goldgroup respectfully requests that the Court confirm the Award and enter judgment in accordance with the Award, award Goldgroup its court costs and attorneys' fees, award Goldgroup pre- and post-judgment interest as allowed by law, and for any other relief that the Court deems just and proper.

Dated: October 24, 2016.

        Respectfully submitted,

        *s/Christopher H. Toll*
        Christopher H. Toll
        HOLLAND & HART LLP
        6380 S. Fiddlers Green Circle, Suite 500
        Greenwood Village, CO 80111
        Phone: (303) 290-1637
        Fax: (303) 975-5300
        ctoll@hollandhart.com

        Kathleen K. Custer
        Kevin C. McAdam
        HOLLAND & HART LLP
        555 17th Street, Suite 3200
        Denver, CO 80202
        Phone: (303) 295-8060
        Fax: (303) 223-3398
        kkcuster@hollandhart.com
        kcmcadam@hollandhart.com

        **Attorneys for Applicant, Goldgroup Resources, Inc.**

9150665_3