# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 16-cv-02547-RM-KMT

GOLDGROUP RESOURCES, INC.,

    Applicant,

v.

DYNARESOURCE DE MEXICO, S.A. DE C.V., and
DYNARESOURCE, INC.,

    Respondents.

---

# ORDER ON
# MOTION TO ALTER OR AMEND JUDGMENT

---

This matter is before the Court on Respondents DynaResource De Mexico, S.A. DE C.V. and DynaResource, Inc.'s (collectively, "DynaResources") Motion to Alter or Amend Judgment (the "Motion") (ECF No. 83), which DynaResources has supplemented. (ECF Nos. 109, 114.)[1] In the Motion, DynaResources alleges the Court should amend its judgment – which confirmed Applicant Goldgroup Resources, Inc.'s Application to Confirm Arbitration Award – and vacate the arbitration award. Goldgroup filed a response, to which Respondents filed a reply. Upon consideration of the Motion and all relevant filings, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

---

[1] DynaResources did not request the Court to consider ECF No. 111 (ECF No. 101, p. 2; No. 110) but even if considered, the Court would reach the same result.

## I. BACKGROUND

The parties are well versed with the lengthy background which precedes this Order, so it will only be briefly summarized here.[2] To the extent further information is required, it will be provided in the Court's analysis of the issues presented.

At issue is an arbitration award ("Award") issued by an arbitrator ("Arbitrator") pursuant to an arbitration clause contained in the parties' Option Agreement ("Agreement") and the Federal Arbitration Act ("FAA"). The Award was issued in Denver, Colorado pursuant to a forum selection clause in the Agreement. The Award was entered in favor of Goldgroup who then applied to this Court for confirmation. DynaResources moved to vacate the Award. The Magistrate Judge recommended the Award be vacated essentially based on the finding that the Mexico City Order prevailed over the Award entered by the Arbitrator. Goldgroup filed an objection to the recommendation. By Order dated May 9, 2019 (the "Order"), the Court sustained in part and overruled in part the objection; rejected the recommendation;[3] denied DynaResources' motion to vacate; and granted Goldgroup's Application and confirmed the Award. The Clerk then entered judgment. (ECF Nos. 75, 76.) DynaResources' Motion followed, along with several other motions. As stated, the Motion asserts the Court should alter or amend the judgment and vacate the Award.

## II. LEGAL STANDARD

Rule 59(e) allows a district court to alter or amend a judgment. "'Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest

---

[2] The terms, e.g., Amparo Action, used in this "Order on Motion to Alter or Amend" are as defined in the Order of May 9, 2019 ("Order") (ECF No. 75).

[3] In footnote 3 of its Motion, DynaResources asserts the Court did not reject certain findings made in the recommendation. The Court disagrees because it rejected any findings which were inconsistent with its findings and conclusions in the Order. (ECF No. 75, p. 19.)

2

injustice.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (brackets in original) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law, [but it] is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012; *see also Matasantos Comm. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001) (finding party waived theory that was not raised in original motion because a "motion for reconsideration is not…an opportunity for the losing party to raise new arguments that could have been presented originally").

### III. DISCUSSION

In this case, DynaResources contends the Court should alter or amend the judgment in order to correct "manifest errors" in its Order and because of newly discovered evidence.

#### A. Newly Discovered Evidence

DynaResources advises the Amparo Action has been resolved and Goldgroup's appeal has failed. But, as Goldgroup argues, the Court did not rely on the Amparo Action or its status in rendering its decision to affirm the Award. Accordingly, this new evidence does not support altering or amending the judgment. *See Devon Energy,* 693 F.3d at 1213 (recognizing that "newly discovered evidence must be of such a nature as would probably produce a different result" (quotation marks and citations omitted)).

#### B. "Clear Errors" and "Manifest Injustice"

For the most part, DynaResources' arguments merely revisit issues the Court already considered and rejected. Nonetheless, the Court will revisit some again.

***The Mexico City Order.*** DynaResources contends the Court misinterpreted the Mexico City Order and misapplied the FAA. In summary, DynaResources contends the Mexico City Order is evidence that, under Mexican law, waiver by litigation conduct revoked the arbitration agreement contained in the Option Agreement. Thus, DynaResources asserts, the arbitration agreement is invalid and void and it was not required to submit to arbitration under the FAA.

The Court has reviewed DynaResources' arguments and is not persuaded. For example, DynaResources argues *the Court* cited no contrary law that waiver revoked the arbitration agreement.[4] But, it is *DynaResources* who bears the burden of proving vacatur should be had. *Youngs v. American Nutrition, Inc.*, 537 F.3d 1135, 1141 (10th Cir. 2008) (citing *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1147 (10th Cir. 1982)). And, the Court found DynaResources did not meet its burden.

Similarly, DynaResources contends *the Court* "admit[ted] Mexican law governed Goldgroup's claims and that the arbitration agreement was found to be unenforceable under Mexican law."[5] To be specific, what the Court stated was "§ 8.5 of the Agreement states that it is '[s]ubject to the applicability of Mexican law in respect to the shares of DynaMexico and the acquisition thereof,' which DynaResources has not shown covers the issue at hand, i.e., waiver of the right to arbitrate."[6] And, to the extent that DynaResources implies the Court found or implied that *Mexican law* controlled the issue of waiver, the Order clearly stated "the Court agrees with Goldgroup that *U.S. procedural law* applies in determining whether there has been a waiver."[7] This is the very law which DynaResources argued applied when it appeared before

---
[4] ECF No. 83, p. 8.
[5] ECF No. 83, pp. 8-9.
[6] ECF No. 75, p. 25 (footnote omitted, brackets in original).
[7] ECF No. 75, p. 25 (emphasis added).

4

then Chief Judge Krieger in its now voluntarily dismissed case.[8] Thus, the Court finds these arguments insufficient to support altering or amending the judgment.

*The Mexico City Court's Jurisdiction.* DynaResources argues the Court erred in determining the Mexico City Court did not have jurisdiction to determine the issue of waiver. First, DynaResources contends the Court failed to consider part of art. 5(1)(e) and that Mexican law applied to Goldgroup's claims. But, as Goldgroup counters, the Court did consider art. 5(1)(e), found it refers to procedural law, and agreed with Goldgroup that U.S. procedural law applies to resolve the issue of waiver. Further, the Court found that "effective nullification" was not shown to be within the purview of art. 5(1)(e).[9]

DynaResources' argument that it did provide the Court with authority that the Mexico City Court had jurisdiction and that Mexican law applies fares no better. As Goldgroup notes, DynaResources' argument here relies on a citation to a *footnote* in the "Factual Background" of its Motion to Vacate.[10] That footnote, however, discussed a Calvo Clause to support DynaResources' contention that "[a]s a shareholder of DynaMexico, DynaUSA is deemed to be a Mexican national pursuant to Mexican law and DynaMexico's Bylaws."[11] As the Court stated in its Order, Goldgroup failed to sufficiently show why or how the Mexico City Court had authority. *See Fye v. Okla. Corp. Comm'n,* 516 F.3d 1217, 1223 (10th Cir. 2008) (party cannot expect court to comb the record for support). DynaResources' argument relying on the Calvo

---

[8] Civil Action. No. 14-cv-1527-MSK-KMT, ECF No. 29, pp. 58-62.
[9] Based on DynaResources' citations, it also appears that DynaResources may be conflating two different analysis. On page 23 of the Order, the Court addressed the Mexico City Court's jurisdiction based on the arguments adequately raised - which did not include the Calvo Clause. On page 27 of the Order, the Court addressed art. 5(1)(e) in the context of whether the domestic FAA applies.
[10] ECF No. 21, p. 6 n.2.
[11] ECF No. 21, p. 6.

5

Clause was not raised in its Response[12] to Goldgroup's objections. Nor, as Goldgroup recognizes, was it otherwise raised in DynaResources' Motion to Vacate.[13, 14]

DynaResources' remaining arguments are similarly unavailing for various reasons including they were inadequately previously raised or are not supported by the record. For example, DynaResources appears to now argue that Goldgroup waived the forum selection clause and the Mexico City Court so found. But, the Court's review of DynaResources' citation to the Mexico City Order shows that is not so. Instead, the Mexican City Order only addressed the arbitration agreement.[15] Moreover, DynaResources fails to show where this argument was previously raised. And, to the extent DynaResources argues jurisdiction may be shown because the Mexico City Court found it had jurisdiction,[16] the Court is not persuaded as stated in its Order, especially where it is has not been shown that the forum selection clause was presented to the Mexico City Court for its consideration. Therefore, the Court finds no clear error or manifest injustice based on DynaResources' jurisdiction arguments.

***Public Policy and Comity.*** DynaResources argues that, under the principle of comity, this Court should defer and give effect to the Mexico City Order. DynaResources' public policy and comity argument is premised on the Mexico City Court having jurisdiction, that Mexican law applies to the issue of waiver and the application of the forum selection clause, and that the Mexico City Order determined Goldgroup "revoked and waived the arbitration agreement and

---

[12] ECF No. 57, pp. 18-19.
[13] ECF No. 21, p. 40; see generally ECF No. 21. The Court's statement in page 23 of its Order referred to DynaResources' Response brief, not to its Motion to Vacate.
[14] Moreover, DynaResources' reasoning appears circular. It goes like this. If the arbitration and forum selection clauses in the Agreement initially allowed Goldgroup to seek redress before the arbitrator, those clauses were waived as determined by the Mexico City Court. Thus, under the Calvo Clause, Goldgroup was required to submit its disputes to Mexican courts. But, that begs the antecedent question of whether the Mexico City Court could determine waiver in the first instance.
[15] ECF No. 21-21, pp. 39-42.
[16] As DynaResources' own arguments concerning the arbitrator's jurisdiction demonstrate, it is axiomatic that simply saying that something is so does not make it so.

the forum-selection clause."[17] But, that has not been shown here.[18] For example, undeniably, DynaResources fails to show where the application of the forum selection clause was raised before, considered by, and determined by the Mexico City Court. Thus, DynaResources' cases are unavailing, and its arguments fail to show relief should be granted under Rule 59(e).

IV. CONCLUSION

"Everyone knows the Federal Arbitration Act favors arbitration." *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 977 (10th Cir. 2014). "The object is always to decide quickly— summarily—the proper venue for the case, whether it be the courtroom or the conference room, so the parties can get on with the merits of their dispute." *See id.* (discussing whether parties agreed to arbitrate). Unfortunately, that goal has not been achieved here as the parties have been before many forums over many years. Contrary to DynaResources' contention, this Court does not seek to claim jurisdiction for itself. It only seeks to resolve the parties' dispute which – by the parties' actions – have landed here.

Based on the foregoing, it is **ORDERED** that Respondents' Motion to Alter or Amend Judgment (ECF No. 83) is **DENIED**.

DATED this 25th day of March, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[17] ECF No. 83, p. 15.
[18] Thus, the Court renders no opinion as to whether it is required to defer to the Mexico City Order.