# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 16-cv-02547-RM-KMT

GOLDGROUP RESOURCES, INC.,

    Applicant,

v.

DYNARESOURCE DE MEXICO, S.A. DE C.V., and
DYNARESOURCE, INC.,

    Respondents.

---

## ORDER

---

This matter is before the Court on Respondents' (hereafter "DynaResources") Second Motion for Stay of Judgment Pending Appeal (ECF No. 129) and Motion for Forthwith Hearing on their Second Motion for Stay of Judgment Pending Appeal (ECF No. 130), to which Applicant (hereafter "Goldgroup") has filed a response as the Court ordered. The Court finds no further briefing is required before ruling. *See* D.C.COLO.LCivR 7.1(d). Moreover, the Court finds a hearing would not materially assist in the resolution of the second motion for stay. Therefore, the motion for forthwith hearing is denied. Upon consideration of the second motion for stay, and being otherwise fully advised, and for the reasons stated herein, the Court denies in part and grants in part the second motion for stay.[1]

---

[1] The Court assumes the reader is familiar with the lengthy background which precedes this Order.

As evident from the papers, this is DynaResources' second request for a stay pending appeal. By Order dated March 25, 2020, the Court ruled on DynaResources' first motion for a stay, addressing separately the monetary and non-monetary relief awarded by the Arbitrator to Goldgroup.[2] As to the stay of the monetary relief awarded, DynaResources requested no bond but the Court found a bond in the amount of $1,106,929.60 was required. As to the stay of the non-monetary relief, the Court found DynaResources failed to show a stay should enter under the applicable standards as argued by the parties.

DynaResources' second motion requests a stay of the entire action, addressing the monetary relief awarded and offering to post $1,111.111.43. Goldgroup's response opposes the second motion, in part. Specifically, Goldgroup argues any stay as to the non-monetary award should be denied because DynaResources fails to address the non-monetary relief or to show the standards for granting such relief are met.[3] As to the monetary award, Goldgroup contends the cash appeal bond should be at least $1,158,315.24 based on two rationales. First, that the running of the post-judgment interest should be extended to October 10, 2021, to account for Goldgroup's estimate of the time required for the Tenth Circuit to resolve DynaResources' appeal. And, second, that post-judgment interest should run at the rate of 2.37%[4] on the entire monetary amount from the date of Final Judgment. The Court agrees with DynaResources' calculations as to the appropriate amount, but agrees with Goldgroup that such bond may only stay the monetary award.

---

[2] The Court confirmed the award and final judgment was entered on May 9, 2019. (ECF Nos. 75. 76.)
[3] Goldgroup also cursorily argues the Court's order on the first motion is law of the case. It is unclear that is the case. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011). Regardless, in light of the Court's determination, it need not reach this issue.
[4] The rate in effect at the time final judgment was entered.

As to the non-monetary award, as Goldgroup argues, DynaResources fails to address the non-monetary award or the Court's previous order denying a stay as to that award. Therefore, the Court's previous order as to the non-monetary award stands.

As to the monetary award, it is unknown when the Tenth Circuit will decide DynaResources' appeal and the Court will not speculate as to this date. Thus, in the exercise of its discretion, the Court declines to extend the running of the post-judgment interest until October 10, 2021. And, as to the interest rate to be charged and on what amounts, the Court finds as follows. The 2.37% post-judgment interest should run only on the specific amounts calculated in the award, i.e., $489,526.92, starting from the date of Final Judgment. As for the $600,000 in attorney's fees calculated in the March 25, 2020, Order, post-judgment interest is to run on that amount from March 25, 2020 at the rate then in effect – 0.23%. Using these dates and amounts, the total is $1,111,111.43.[5]

Accordingly, based on the foregoing, it is **ORDERED**

(1) That the Second Motion for Stay of Judgment Pending Appeal (ECF No. 129) is GRANTED IN PART and DENIED IN PART as follows:

  a) The request to stay the non-monetary award is DENIED;

  b) The request to stay the monetary award is GRANTED upon the posting of a supersedeas bond in the amount of $1,111,111.43 on or before July 28, 2020; and

  c) That, in accordance with Fed. R. Civ. P. 62(b), the bond shall be effective upon the Court's approval and will remain in effect until a mandate is issued by the Tenth Circuit Court of Appeals; and

---

[5] Goldgroup does not argue otherwise.

(2) That the Motion for Forthwith Hearing on their Second Motion for Stay of Judgment Pending Appeal (ECF No. 130) is DENIED.

DATED this 24th day of July, 2020.

                                              BY THE COURT:

                                              RAYMOND P. MOORE
                                              United States District Judge