IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 16-cv-02547-RM-KMT

GOLDGROUP RESOURCES, INC.,

    Applicant,

v.

DYNARESOURCE DE MEXICO, S.A. DE C.V., and
DYNARESOURCE, INC.,

    Respondents.

---

## ORDER

---

Before the Court are Applicant's Motion for Contempt (ECF No. 181), seeking new sanctions pursuant to Fed. R. Civ. P. 70(e), and Respondents' Amended Motion for Reconsideration (ECF No. 188), seeking reconsideration or amendment of the Court's September 2021 Contempt Order. The Motions have been fully briefed. (ECF Nos. 182, 183, 184-1, 199, 200.) For the reasons below, both are denied.

**I.    BACKGROUND**

The litigation history between these litigants spans more than a decade and involves overlapping disputes in Texas, Colorado, and Mexico. *See Goldgroup Res., Inc. v. DynaResource de Mexico, S.A. de C.V.*, 381 F. Supp. 3d 1332, 1337-42 (D. Colo. 2019). The Court summarizes only the procedural history relevant to these latest Motions.

In October 2016, Applicant Goldgroup Resources, Inc. ("Goldgroup") filed an Application to Confirm Arbitration Award (ECF No. 2), seeking confirmation of the award

entered in its favor two months earlier. The arbitration was brought in Colorado pursuant to a provision of the parties' September 2006 "Option Agreement." *See Goldgroup Res., Inc.*, 381 F. Supp. 3d at 1337.

Respondents DynaResource de Mexico, S.A. de C.V. ("DynaMexico") and DynaResource, Inc. (collectively, "DynaResources") sought vacatur of the award. (ECF No. 21.) But in May 2019, the Court concluded Goldgroup had the better arguments, granted the Application, and entered Final Judgment in Goldgroup's favor. (ECF Nos. 75, 76.) In April 2021, the United States Court of Appeals for the Tenth Circuit affirmed the Court's ruling. *Goldgroup Res., Inc. v. DynaResource de Mexico, S.A. de C.V.*, 994 F.3d 1181 (2021).

But the case did not end there. In June 2021, Goldgroup filed a Motion for Contempt Sanctions (ECF No. 165), arguing that DynaResources refused to effectuate certain non-monetary relief Goldgroup was entitled to under the May 2019 Final Judgment. DynaResources then filed a Motion for Relief from Judgment (ECF No. 166), seeking post-judgment relief pursuant to Fed. R. Civ. P. 60(b). In September 2021, the Court issued the Contempt Order, denying DynaResources' Motion while granting in part Goldgroup's Motion.

The Contempt Order recognized that DynaResources had prevailed in a Mexico City lawsuit against Goldgroup and foreclosed on a lien on Goldgroup's shares in DynaMexico, and therefore, as of February 2020, Goldgroup was no longer a shareholder of DynaMexico under Mexican law. Nonetheless, the Court also found that, Goldgroup was still a shareholder under U.S. law for purposes of vindicating its rights as a shareholder and to enforce the terms and conditions of the Option Agreement. (*See* ECF No. 174 at 22.) Accordingly, as pertinent here, the Contempt Order required the parties to "hold a shareholders' meeting where . . . the parties

2

shall appoint the fifth member [to the Board of Directors of DynaMexico] as required under . . . the [Option] Agreement." (*Id.*)

The case did not end there, either. After the Court extended the deadline for appointing the fifth director and that deadline passed, the parties filed their current Motions.

## II. LEGAL STANDARDS

### A. Sanctions

Under Fed. R. Civ. P. 70, when a judgment requires a party to perform a specific act and the party fails to comply within the time specified, the Court is empowered to hold the disobedient party in contempt. To prevail in a civil contempt proceeding, the party requesting a sanction must prove by clear and convincing evidence that (1) a valid court order existed; (2) the other party had knowledge of the order; and (3) the other party disobeyed the order. *See Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1131, 1315 (10th Cir. 1998). The order being enforced must be clear and unambiguous, and any ambiguities or omissions in the order are construed in favor of the party against whom a sanction is sought. *Reliance Ins. Co. v. Mast Constr. Co.*, 84 F.3d 372, 377 (10th Cir. 1996). "A district court has broad discretion in using its contempt power to require adherence to court orders." *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir 1996) (quotation omitted).

### B. Post-Judgment Relief

Grounds for granting relief under Fed. R. Civ. P. 59(e) include (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012). But such a motion "cannot be used to expand a judgment to encompass new

3

issues which could have been raised prior to issuance of the judgment." *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 536 (10th Cir. 2016) (quotation omitted). Where a party seeks to submit additional evidence pursuant to Fed. R. Civ. P. 59(e), it must show either that the evidence is newly discovered or, if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence. *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1213 (10th Cir. 2012). In addition, the "newly discovered evidence must be of such a nature as would probably produce a different result." *Id.* (quotation omitted).

### III. ANALYSIS

#### A. Goldgroup's Motion

In its Motion, Goldgroup argues that after the Contempt Order, DynaResources rejected its attempts to confer and agree on the appointment of the fifth director. Indeed, Goldgroup contends that when the February 2022 shareholders meeting was held, DynaResources had already appointed its preferred candidate, Charles E. Smith, to the position. At that meeting—to which Goldgroup was not invited—DynaResources replaced Goldgroup's two representatives on the Board. According to DynaResources, however, it complied the Contempt Order because one of Goldgroup's preferred candidates, Andrei Kroupnik, was appointed as the fifth director, and the Contempt Order did not bar it from removing Goldgroup's representatives on the Board. Although the parties' accounts of the Board's actions are not reconcilable in every respect, the Court finds Goldgroup has failed to establish that DynaResources engaged in conduct that violated the Contempt Order.

First, it appears to be undisputed that Mr. Smith's appointment to the Board in

4

August 2020 preceded the Contempt Order.  Thus, even if his appointment violated the arbitration award—as the Court found in the Contempt Order (*see* ECF No. 174 at 18)—Goldgroup has not shown a violation of the Contempt Order.  Further, nothing in the Contempt Order required DynaResources to remove Mr. Smith from the Board.  Thus, Goldgroup has not shown that Mr. Smith's appointment—or retaining him on the Board—supports a finding that DynaResources violated the Contempt Order.

Second, it is also undisputed that Mr. Kroupnik, a candidate Goldgroup proposed, was appointed to the Board at the February 2022 meeting.  (*See* ECF No. 181 at 4-5.)  Although the parties engage in a semantic dispute as to whether Mr. Krounik was approved as a replacement for one of Goldgroup's removed representatives (*id.* at 5) or as the fifth director (ECF No. 182 at 5), Goldgroup has not shown that distinction warrants relief here.  That is because nothing in the Contempt Order enjoined DynaResources from removing Goldgroup's representatives from the Board.[1]  Goldgroup does not assert as much; instead, it suggests that the removal of its representatives violated the arbitration award or perhaps the spirit of the arbitration award.  But as for the narrow issue that is the basis for Goldgroup's Motion—the Contempt Order's specific requirement that the parties appoint a fifth director—the Court finds Goldgroup has not shown that DynaResources violated the Contempt Order by appointing Mr. Krounik.

Third, Goldgroup has not shown that a sanction is warranted based on DynaResources' alleged bad faith.  Though the final judgment incorporated the arbitration award, requiring the

---

[1] In the Contempt Order, the Court found that DynaResources' removal of the representatives at an earlier meeting within minutes of their appointment did not amount to a valid appointment. (*See* ECF No. 174 at 18.)  However, at this stage, Goldgroup does not argue that the appointments were not valid simply because its representatives were later removed.

parties to act in good faith with respect to the appointment of the fifth director, that requirement is not specifically incorporated into the Contempt Order.  More importantly, Goldgroup has not shown that DynaResource acted in bad faith by proposing candidates Goldgroup rejected or by appointing Mr. Kroupnik, a candidate Goldgroup proposed.

Therefore, the Court is not persuaded that further exercise of its contempt power is warranted under the circumstances.

### B. DynaResources' Amended Motion

DynaResources' Amended Motion requests that the Court reconsider or alter aspects of the Contempt Order, which, in addition to granting in part Goldgroup's request for contempt sanctions, denied DynaResources' motion for reconsideration pursuant to Fed. R. Civ. P. 60(b).  Specifically, DynaResources argues that the Contempt Order's finding that "under U.S. law, Goldgroup is still a shareholder" constitutes a manifest error of law and that the Contempt Order erroneously relied on a judgment by a Dallas trial court that has since been reversed.  (ECF No. 188 at 2.)  The Court discerns no basis for granting such relief.

As a thresholder matter, the Court is not persuaded that the Amended Motion is timely.  The Contempt Order was issued on September 3, 2021.  DynaResources filed a Motion for Reconsideration, pursuant to Fed. R. Civ. P. 59, on September 24, 2021.  (ECF No. 175.)  But nearly eight months later, after the Motion was fully briefed, DynaResources filed an Amended Motion for Reconsideration, which also relied on Fed. R. Civ. P. 59.  (ECF No. 188.)  In light of the Amended Motion, the Court denied the earlier Motion as moot.  (ECF No. 189.)  Under Fed. R. Civ. P. 59(e), however, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."  Goldgroup raised the issue of timeliness in its Response to

6

Amended Motion (ECF No. 199 at 6 n.2), but DynaResources' Reply fails to meaningfully address the 28-day deadline while appearing to conflate the Amended Motion with the earlier Motion.  (*See, e.g.*, ECF No. 200 at 5 (referring to the 16-page Amended Motion as having 24 pages, the length of the earlier Motion).)  Nor does DynaResources explain why a litigant should be able to circumvent the policy behind Fed. R. Civ. P. 59 of promoting finality, perhaps indefinitely, with the filing of amended motions for reconsideration.  However, even if the Motion were considered timely, it suffers from other deficiencies as well.

To begin with, DynaResources' newly found reliance on the internal affairs doctrine was not timely presented to the Court.  As mentioned above, the Contempt Order both granted Goldgroup's request for sanctions and denied DynaResources' Rule 60(b) Motion.  With respect to the former, DynaResources never raised the argument it attempts to raise here—that the internal affairs doctrine somehow barred the Court from adjudicating Goldgroup's rights as a shareholder under U.S. law.  And with respect to the latter, DynaResources raised the argument for the first time in its Reply.  Thus, DynaResources has waived this argument.

Further, any harm DynaResources might suffer due to this Court's finding—more than two years ago—that Goldgroup was a shareholder of DynaMexico, is purely speculative.  As a result, DynaResources has failed to establish that manifest injustice requires that the finding be amended now.  DynaResources' contentions to the contrary are particularly unpersuasive in light of its ability to successfully foreclose on a lien on Goldgroup's DynaMexico shares under Mexico law and to remove Board members whom it opposes.  To the extent that any finding in the Contempt Order could lead to further disputes between these parties, the Court's role is not to preempt potential litigation based on unfounded concerns about how other courts might interpret

the Contempt Order. Nearly five years ago, the Court affirmed the arbitration award that prompted this lawsuit. The Tenth Circuit has affirmed that ruling. The Court has little appetite for continuing to weigh in on disputes that, at best, are tangentially related to the arbitration award.

Finally, DynaReources' reliance on developments in the Texas litigation is misplaced. DynaResources has not shown that the appellate court's decision (that the lower court lacked personal jurisdiction over Goldgroup) resulted in any type of legal ruling that directly impacts this case or the Contempt Order. And in any event, such a ruling cannot change the basis for the Contempt Order at the time it was issued.

Accordingly, the Court declines to reconsider are amend the September 2021 Contempt Order.

## IV. CONCLUSION

The Motions (ECF Nos. 181, 188) are DENIED, and this case remains CLOSED. The Motion Hearing set for March 14, 2024, is VACATED.

DATED this 5th day of March, 2024.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge